**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1240
_____

ANTHONY TUSWEET SMITH,
Appellant

v.

SECRETARY OF THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS; SCI
GREENE F-UNIT MANAGER; SCI GREENE CAPTAIN SHRADER; SCI GREENE
RHU Lt. MORRIS;SCI GREENE RHU SGT. TIKEY; SCI GREENE C/O ARBABELL;
SCI GREENE C/O CARTER; SCI GREENE C/O HOLLOWOOD; SCI GREENE C/O
LEWIS; SCI GREENE C/O RIDDLE; SCI GREENE C/O RECICHAR;
SCI GREENE FACILITY MANAGER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-00093)
District Judge: Honorable Maureen P. Kelly, Chief Magistrate Judge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2018
Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: October 2, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se Appellant Anthony Smith appeals from the District Court's grant of summary judgment in favor of the Defendants in an action Smith brought pursuant to 42 U.S.C. § 1983. For the reasons detailed below, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, who are familiar with the case, we provide only a brief summary of the procedural history. Smith filed suit against numerous prison officials and guards, alleging that they were conducting cavity searches/strip searches to harass prisoners and deter them from participating in certain activities. Smith also alleged that prison guards retaliated against him for filing a grievance regarding the cavity searches/strip searches

In response, the Defendants filed a Motion for Leave to file a Motion for Summary Judgment on the Issue of Exhaustion Only, which the District Court granted. In their motion for summary judgment, the Defendants argued, inter alia, that Smith did not exhaust his administrative remedies. Smith responded that the ordinary grievance procedures did not apply because of the sexual nature of his allegations and that he had complied with the appropriate procedures under The Prison Rape Elimination Act ("PREA"). Ultimately, the District Court granted the Defendants' motion. Smith appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review and apply the same test the District Court utilized – whether the record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009) (quoting former Fed. R. Civ. P. 56(c)). Any questions of fact or inferences must be considered "in the light most favorable to the nonmoving party." Peters v. Del. River Port Auth., 16 F.3d 1346, 1349 (3d Cir. 1994).

III.

The Prison Litigation Reform Act ("PLRA") provides in 42 U.S.C. § 1997e(a) that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The prisoner must complete the administrative review process in accordance with the applicable procedural rules of the grievance system at his institution. See Woodford v. Ngo, 548 U.S. 81, 95 (2006); see also Booth v. Churner, 206 F.3d 289, 299 (3d Cir. 2000) (explaining that a plaintiff must follow each of the steps to exhaust his administrative remedies under the PLRA). It is the prison's requirements, and not the PLRA, that defines the boundaries of proper exhaustion. See Jones v. Bock, 549 U.S. 199, 218 (2007). This exhaustion requirement is an affirmative defense, and entry of summary judgment on such a ground is appropriate only when the moving party presents "evidence that would entitle [it] to a directed verdict if not controverted at trial." In re

3

Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986)).

DC-ADM 804, which governs the grievance and appeals process in Pennsylvania correctional institutions, provides for a three-step process. First, a prisoner is required to timely submit a written grievance for review within fifteen days of the incident. Second, the inmate must submit a timely written appeal for intermediate review to the Facility Manager within ten working days. Finally, the inmate must submit a timely appeal to the SOIGA within fifteen working days.

Here, the SOIGA notified Smith that his final appeal for Grievance No. 636685 could not be considered because Smith failed to provide the required documentation (a copy of his appeal to the Facility Manager) for proper review. Smith was given an extension of time to submit the required document, but he failed to do so. He argues that he was not able to provide a copy of the intermediate appeal because he was not given a copy. However, Smith did not mention this in either of his status-update requests he sent to the prison staff, and does not maintain that he asked prison officials for a copy.[1] Smith also argues that the prison officials had "constructive possession" of the required document since inmate grievances are entered into the Automated Inmate Grievance Tracking System. Although it may be true that the prison keeps an electronic copy of all grievances and appeals, the inmate grievance procedures – which defines the

---

[1] As a result, this is not a situation where exhaustion is excused because the prison thwarted a prisoner's attempt to exhaust. See Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002).

4

boundaries of proper exhaustion – explicitly require an inmate to submit all required documents to the SOIGA when appealing a grievance to final review.

Finally, Smith argues that he was not required to comply with the inmate grievance procedures because his allegations against the Defendants were of a sexual nature. Prison policy (DC-ADM 008/PREA) sets out a procedure for immediately reporting instances of sexual abuse and harassment that does not require the use of the usual prison grievance process. But Smith did not describe the cavity search/strip search as sexual harassment or as sexually inappropriate either in the grievances he did file regarding the incident or in his Complaint, where the searches he describes were conducted in accordance with approved institutional security policy and were not sexual in nature. Thus, they did not trigger the alternative procedures.

In regards to Smith's other grievances (Nos. 638803, 640134, 642039, and Misconduct No. 991705), as explained by the District Court Smith did not exhaust his administrative remedies. The record reflects that Smith failed to either file an intermediate appeal or a final appeal. As a result, the District Court properly granted summary judgment to the Defendants for failure to exhaust administrative remedies, and we will affirm the judgment of the District Court.[2]

---

[2] To the extent that Smith is also challenging the District Court's order denying his motion to compel discovery, we do not view that denial as an abuse of discretion. See Berger v. Edgewater Steel Co., 911 F.2d 911, 916 (3d Cir. 1990).